**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 17-cr-00134-CMA-01and 09

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. CLARENCE ANTOINE,
9. LATISHA FORD,

    Defendants.

---

**ORDER REGARDING DEFENDANTS' REQUESTS FOR SPECIFIC DISCOVERY**

---

    This matter is before the Court on Defendant Latisha Ford's and Defendant Clarence Antoine's motions requesting discovery from the Government. (Doc. ## 542, 587.) Defendant Ford specifically requests an order compelling the Government to disclose:

    A) any and all text messages intercepted and preserved on Target Telephone 6 (TT6) using the Green Tiger System;

    B) general information about the Green Tiger System and individual operators' use of it; and

    C) information related to the dismissal of the indictments against co-defendants Clayton Jones and Dominic James, and any other defendants who were dismissed under similar circumstances.

Defendant Antoine raises only the fourth request. Having thoroughly reviewed the parties' written briefing and the applicable law, the Court finds and concludes as follows.

# I. LEGAL STANDARD

Generally speaking, "[t]here is no . . . constitutional right to discovery in a criminal case," *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *United States v. Garrison*, 147 F. Supp. 3d 1173, 1178 (D. Colo. 2015). In large part, discovery in a criminal case is governed by the provisions of Fed. R. Crim. P. 6, 12, 16, and 26.2; the *Jencks* Act, 18 U.S.C. § 3500; as well as the holdings of *Brady v. Maryland,* 373 U.S. 83 (1963), *United States v. Bagley,* 473 U.S. 667 (1985), *Giglio v. United States*, 405 U.S. 150 (1972), *Roviaro v. United States*, 353 U.S. 53 (1957)*,* and their progeny. The Government has an ongoing obligation to disclose exculpatory evidence that exists regardless of whether such evidence is requested by a Defendant. *Brady*, 373 U.S. at 83, *United States v. Agurs*, 427 U.S. 97 (1976); *Bagley*, 473 U.S. 667; *Kyles v. Whitley*, 514 U.S. 419 (1995). "The duty to disclose such information continues throughout the judicial process." *Douglas v. Workman*, 560 F.3d 1156, 1172-73 (10th Cir. 2009).

Defendants may not make discovery requests that amount to a "blind fishing expedition among documents possessed by the Government on the chance that something [favorable to the defense] might turn up." *Gordon v. United States*, 344 U.S. 414 (1953).

# II. ANALYSIS

## A. TEXT MESSAGES INTERCEPTED AND PRESERVED ON TT6

With respect to Defendant Ford's request for disclosure of text messages on TT6, the Government responds that such information has already been provided: "on June 6, 2017, the [G]overnment produced to all defendants charged in the overall

investigation all of the text messages intercepted over all seventeen wiretaps." (Doc. # 633 at 2.) Defendant Ford's request for those text messages is therefore moot.

To the extent Defendant Ford wants the Government to further identify specific calls or messages that relate to her, the Government has no duty to do so. Indeed, the Government's only responsibility is to disclose the evidence. It has no obligation to identify specific information that supports different aspects of the case.

Given the Government's statement that all text messages have been disclosed, the Court denies Defendant's request as moot.

**B. GENERAL INFORMATION ABOUT THE GREEN TIGER SYSTEM**

Defendant Ford's second request encompasses:

(1) log sheets pertaining to individual operators' minimization using the Green Tiger System;

(2) logs pertaining to "who accessed and when they accessed the information stored on servers" in the Green Tiger System;

(3) operations manuals for the Green Tiger System; and

(4) any other documents pertaining to the Green Tiger System and its technical operation.

With respect to (1), the Government responds that Defendant Ford "has already been provided, through periodical reports, with the statistical information of all intercepted communications, including the number of communications that were minimized for any given period." (Doc. # 633 at 3.) Thus, again, Defendant Ford's request appears moot.

With respect to (2)—Defendant Ford's request that the Government further disclose all operators of the system and/or the times they accessed it—her request appears to be nothing more than an unexplained fishing expedition. Indeed, Defendant Ford sets forth no reasons for this request, which, according to the Government, would be "voluminous in nature" and result in "hundreds of thousands of documents." (*Id.*) Absent *any* explanation regarding the relevance of this information or showing that the requested "log sheets" are necessary to properly prepare for trial, the Court sees no reason to entertain the request. *See United States v. Nixon*, 418 U.S. 683, (1974) (disclosure request "cannot be for a general 'fishing expedition,' and the requested information must be necessary to properly prepare for trial."). The Court accordingly denies the request.

With respect to (3) and (4), the Government responds that the requested information is not within the Government's possession or control but instead maintained by the third party who sells the commercially-available Green Tiger System. "It is well settled that there is no 'affirmative duty upon the government to take action to discover information which it does not possess.'" *United States v. Rivas*, 26 F. Supp. 3d 1082, 1111 (D.N.M. 2014); *United States v. Combs*, 267 F.3d 1167, 1173 (10th Cir. 2001); *United States v. Tierney*, 947 F.2d 854, 864 (8th Cir.1991); *United States v. Beaver*, 524 F.2d 963, 966 (5th Cir.1975)). More specifically, a prosecutor does not have a duty "to obtain evidence from third parties." *Combs*, 267 F.3d at 1173 (observing that *Brady v. Maryland* does not oblige the government to obtain evidence from third parties). Because Ford appears to be requesting proprietary information held by a third party, the Government is not obligated to disclose it. *See* Fed. R. Crim. P. 16(a) (government has

an obligation to disclose evidence in its "possession, custody, or control."). The Court accordingly denies this request as well.

### C. INFORMATION RELATED TO DISMISSAL OF CO-DEFENDANT'S CASES

Finally, the Court addresses Defendant Ford's and Defendant Antoine's requests for the disclosure of "all tapes, notes, reports, recordings, or other material" evincing how the misidentifications of Mr. James and Mr. Jones were made and any other misidentifications "in this case or in any related case." (Doc. ## 542 at 2–3; 587 at 2–3.) They also request any and all information, including promises of future testimony, provided by Mr. James and Mr. Jones in exchange for dismissals of their indictments.

As mentioned, the Government must disclose information generally favorable to the defendant, which includes evidence that could be used to impeach government witnesses such as plea agreements with co-defendants. *United States v. Miller*, 250 F.R.D. 588, 592 (D. Kan. 2008). Defendant Antoine argues that information related to the misidentification of co-defendants is "material to the issues of both guilt and punishment" because it demonstrates "the existence of evidence related to incomplete or inaccurate investigations by law enforcement." (Doc. # 587 at 2–3.) He adds that any promises of leniency in exchange for a co-defendant's testimony constitute "relevant impeachment evidence" under *Brady*. (*Id*.)

The Court agrees that such information could be relevant and material to the defense. But, it appears that the Government also agrees and understands its requirements under *Brady*. Indeed, the Government responds that "it is in the process of obtaining documentation in support of the[] dismissals" of Mr. James, Mr. Jones, and Johnny Love (who was charged in 17-cr-135-RBJ), and that it will disclose that

information to the Defendants when it becomes available. (Doc. ## 623 at 2; 633 at 5.) The Government adds that "[t]here were no promises made to these defendants in exchange for the dismissals." (Doc. ## 623 at 3; 633 at 5.)

It appears, therefore, that Government intends to comply with the Defendants' requests, or had already done so.[1] The Court thus sees no reason to issue an order compelling disclosure at this time. The request is therefore denied.

### III. CONCLUSION

In accordance with the foregoing analysis, the Court DENIES Defendants' Motions for Specific Discovery. (Doc. ## 542, 587.)

DATED: January 14, 2018          BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge

---

[1] The Government anticipated disclosing the information by February 13, 2018. (Doc. ## 633 at 6; 623 at 2.)