IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Case No. 17-cr-00134-CMA-01-02-09

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. CLARENCE ANTOINE,
2. SPENCER ANTOINE
9. LATISHA FORD,

    Defendants.

---

**ORDER REGARDING DEFENDANTS' REQUEST FOR DISCLOSURE OF CONFIDENTIAL INFORMANTS AND DISCOVERY RELATED THERETO**

---

This matter is before the Court on three Motions filed by Defendants Clarence Antoine, Spencer Antoine, and Latisha Ford requesting an Order from this Court compelling the Government to reveal the identities, contact information, background, criminal histories, and any other information relevant to the impeachment of the government's informants in this case. (Doc. ## 560 at 2; 554 at 1; 543 at 1.) For the following reasons, the Court denies the Defendants' requests.

## I.     LAW

Because of the strong public interest in effective law enforcement and to encourage citizens to communicate with government officials regarding unlawful activity, "the government enjoys a privilege to withhold from disclosure the identity of persons who furnish law enforcement officers with information on criminal acts." *United States v. Mendoza-Salgado*, 964 F.2d 993, 1000 (10th Cir. 1992). Nevertheless, this privilege

1

must give way when disclosure of an informant's identity "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Id.* (quoting *Rovario v. United States*, 353 U.S. 53, 60-61 (1957)). In *Roviaro*, the Supreme Court articulated a balancing test for the determination of whether a confidential informant's identity should be revealed:

> [N]o fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

353 U.S. at 60-62. In *United States v. Moralez*, 908 F.2d 565 (10th Cir. 1990), the Tenth Circuit further described this balancing test as follows:

> [C]ases involving confidential informants fall into several broad categories. At one extreme are the cases where the informant is a mere tipster, and disclosure is not required. At the other extreme are cases such as *Roviaro* itself where the informant has played a crucial role in the alleged criminal transaction, and disclosure and production of the informant are required to ensure a fair trial. In addition, there are cases where there is a slight possibility a defendant might benefit from disclosure, but the government has demonstrated a compelling need to protect its informant.

*Id.* at 568 (citations omitted). "Where it is clear that the informant cannot aid the defense, the government's interest in keeping secret [the informant's] identity must prevail over the defendant's asserted right of disclosure." *United States v. Sinclair*, 109 F.3d 1527, 1538 (10th Cir.1997). Accordingly, "[d]isclosure of an informant is not required . . . where the informant is not a participant in or a witness to the crime charged." *Moralez*, 908 F.2d at 567. Additionally, a defendant must provide more than

2

"mere speculation about the usefulness of an informant's testimony" to warrant disclosure. *Moralez*, 908 F.2d at 567. Specifically, a defendant seeking to force disclosure of an informant's identity has the burden to show the informant's testimony is relevant or essential to the fair determination of defendant's case. *United States v. Gordon*, 173 F.3d 761, 767 (10th Cir. 1999) (citing *Roviaro,* 353 U.S. at 62).

## II. ANALYSIS

The Defendants focus their request on the disclosure of information related to confidential informant number 4 (CHS-4).[1]

With respect to Defendant Ford's request, the Government contends that CHS-4 never provided any information as to Defendant Ford nor purchased any narcotics from her; thus CHS-4 will be called as a witness against Defendant Ford "only if other defendants with whom CHS-4 was a percipient witness also proceed to trial." (Doc. # 636 at 3.) Thus, according to the Government, Defendant Ford's request is not yet ripe.

The Court agrees. Generally, whether to order disclosure of a confidential source is not a ripe question until the Government elects to go to trial based on information learned from a confidential source whom the Government will not call as a

---

[1] The Government used six confidential informants in this case. Defendant Ford expressly limited her motion to CHS-4. (Doc. # 636 at 2.) Defendants Clarence Antoine and Spencer Antoine broadly request that the Government reveal "information relevant to impeachment" of any of the Government's informants (Doc. ## 554 at 1; 560 at 2.), but neither Defendant provides any details with respect to any informants aside from CHS-4. Nor does either provide any argument as to why the identities of unidentified informants are essential to his case except to broadly state that the Government is required to disclose evidence which is "material to either guilt or punishment" in accordance with *Brady v. Maryland*, 373 U.S. 83 (1963). Such broad assertions are insufficient to support disclosure at this time. Indeed, the Government acknowledges its obligations under *Brady* and *Giglio* and ensures that it will continue to comply with those obligations with respect to any information provided by confidential sources. Moreover, aside from CHS-4, the Government states that it is unsure which confidential informants will be called to testify at trial. Requests for disclosure of these informants are not therefore ripe and need not be granted by this Court. *See e.g., Roviaro*, 353 U.S. 53, 55–59. For all of these reasons, the Court limits its analysis to CHS-4.

3

witness. *See, e.g., Roviaro*, 353 U.S. 53, 55–59, 63–65; *United States v. Cruz*, 680 F.3d 1261, 1262–63 (10th Cir.2012); *United States v. Vincent*, 611 F.3d 1246, 1249, 1251–52 (10th Cir. 2010); *Moralez*, 908 F.2d at 567–68. Hence, the Tenth Circuit requires "[a] defendant seeking to force disclosure of an informant's identity ... to show [that] the informant's *testimony* is relevant or essential to the fair determination of defendant's case." *Gordon*, 173 F.3d at 767 (emphasis added). Because it is unclear at this stage in the proceedings whether CHS-4 will be called to testify at trial against Defendant Ford, Defendant Ford's motion is premature.

With respect to Defendants Clarence Antoine's and Spencer Antoine's requests, the Government concedes that "it is highly likely that CHS-4 will testify regarding his/her purchase of crack cocaine" from these Defendants and, therefore, "the [G]overnment will comply with the agreed-upon scheduling order and this Court's practice standards in disclosing the identities and impeachment information of its trial witnesses." (Doc. ## 622 at 7; 628 at 7.) Because it therefore appears that the Government intends to comply with the Defendants' requests—at least to the extent that they implicate *Brady* and *Giglio* information within the Government's possession—the Court sees no reason to issue an order compelling disclosure.

Nonetheless, the Court acknowledges that circumstances may exist where due process requires the Government to disclose a confidential source well before trial and/or before deciding whether to call him or her at trial. All three Defendants argue one such circumstance—they argue that immediate disclosure of CHS-4's identity is necessary to support their *Franks* challenges, i.e. their challenges to wiretap evidence

4

collected on the basis of a allegedly faulty warrants. *See Franks v. Delaware*, 438 U.S. 154 (1978).

With respect to those arguments, the Tenth Circuit has specifically held that a Defendant must first satisfy the *Franks* substantial preliminary showing standard before the Court can consider whether the Government should be required to reveal information about confidential sources. *See United States v. Long*, 774 F.3d 653, 661 (10th Cir. 2014) ("disclosure is not required if the defendant does not make the 'substantial preliminary showing' required by *Franks*"); *United States v. Williams*, 576 F.3d 1149, 1161 (10th Cir. 2009) ("a defendant cannot demand the production . . . of a confidential informant whose statements are relied upon in a warrant affidavit until the defendant has made the required substantial preliminary showing under *Franks*."). This preliminary showing requires a defendant to show that "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Williams*, 576 F.3d at 1160.

Defendants do not satisfy this standard in the instant motions. Even the most thorough motion—that of Defendant Clarence Antoine—merely highlights that the affiant may have relied on statements by CHS-4 in reaching its conclusion that wiretaps were necessary to further the investigation. In essence, Defendants appear to be arguing that the CHS-4 could have been lying to the affiant rendering the affiant's "necessity" finding inaccurate and the warrant, therefore, based on a false premise. Even if this were true, for purposes of a *Franks* challenge, "the deliberate falsity or reckless disregard whose impeachment is permitted is only that of the affiant, not of any nongovernmental informant." *Williams*, 576 F.3d at1160 (citing *Franks*, 438 U.S. at

155). It is accordingly unclear to this Court, and the Defendants fail to articulate, how CHS-4's *identity* would help them (1) challenge the veracity of any affiant's sworn statements in the wiretap affidavits and (2) show that, if false, those falsities were made with knowledge and reckless disregard for the truth.

The Court, therefore, denies Defendants' requests that it compel the Government to immediately disclose the identity of CHS-4. *See* U*nited States v. Garrison*, 147 F. Supp. 3d 1173, 1182 (D. Colo. 2015) (noting that "such discovery should be rare. Stated differently, if such discovery is not rare, it would (a) radically transform what appears to be the long-settled practice and procedure concerning Franks challenges, and (b) substantially undermine the Supreme Court's admonition that "[t]here is no general constitutional right to discovery in a criminal case.").

### III.  CONCLUSION

For the foregoing reasons, the Court denies Defendants' Motions requesting an Order from this Court compelling the Government to reveal the identities of the Government's informants in this case. (Doc. ## 543, 554, 560.)

DATED: February 15, 2018            BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge