**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 19-cv-00184-CMA
Criminal Action No. 17-cr-00134-CMA-1

UNTIED STATES OF AMERICA,

　　　Plaintiff/ Respondent,

v.

CLARENCE ANTOINE,

　　　Defendant/ Movant.

---

**ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE**
**AND MOTION TO SUPPLEMENT**

---

　　　This matter is before the Court on Defendant Clarence Antoine's Motion to Vacate Sentence (Doc. # 1211) and Motion to Supplement (Doc. # 1236). The Motions are denied for the following reasons.

## I.　　BACKGROUND

　　　Defendant was charged with eleven felony drug-trafficking offenses. (Doc. # 1). He was appointed counsel (Doc. # 506), and he ultimately pled guilty to (1) conspiracy to distribute and possess with intent to distribute cocaine (21 U.S.C. §§ 841(a)(1), (b)(1)-(2), 846); and (2) possession of a firearm during and in furtherance of a drug-trafficking crime (18 U.S.C. § 924(c)(1)(A)(i)). (Docs. ## 741, 744). In exchange for Defendant's guilty plea, the Government dismissed the remaining counts and recommended a reduced sentence. (Doc. # 744, ¶ 2). Defendant was convicted and sentenced to 300 months in prison. (Doc. # 1071).

1

Defendant now contends that his sentence should be vacated on the ground that he received ineffective assistance of counsel. (Doc. # 1211). He argues that his attorney failed to (1) advise him of the elements of the offenses to which he was pleading guilty; (2) advise him of the possible penalties for those offenses; and (3) file an appeal. (Doc. # 1211, pp. 4-8). Defendant also argues that his sentence violates due process. (Doc. # 1211, pp. 7, 18-20).

## II.   STANDARD OF REVIEW

### A.  STANDARD OF REVIEW FOR § 2255 MOTIONS

Under 28 U.S.C. § 2255, a prisoner in federal custody may challenge his sentence on the basis that "the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The reviewing court must set aside the conviction if it determines that the sentence is unconstitutional or unlawful. 28 U.S.C. § 2255(b). However, if the motion and other documents before the court "conclusively show that [the d]efendant is not entitled to relief," the court may deny the motion without an evidentiary hearing. *United States v. Bernhardt*, No. 96-CR-203-WJM, 2020 WL 2084875, at *1 (D. Colo. Apr. 30, 2020); *see also See Hedman v. United States*, 527 F.2d 20, 21 (10th Cir. 1975).

### B.  PRO SE STANDARD OF REVIEW

Because Defendant is proceeding *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the Court is "not required to fashion [a d]efendant's arguments for him where his allegations are

merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "It is [not] the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall*, 935 F.2d at 1110.

## III.   DISCUSSION

### A.  INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant first argues that his sentence must be vacated because he received ineffective assistance of counsel. A defendant claiming to have received ineffective assistance of counsel must show that (1) his attorney's performance was deficient; and (2) the attorney's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To establish deficient performance, Defendant must show that his attorney's representation "fell below an objective standard of reasonableness" under "prevailing professional norms." *Id*. at 687-88. To establish prejudice, Defendant must show that there is a reasonable probability that, absent the errors, "the result of the proceeding would have been different."  *Id*. at 694.

1.  <u>Failure to Advise of Elements</u>

Defendant claims that his attorney failed to advise him of the elements of the offenses to which he pled guilty. (Doc. # 1211, p. 17). Specifically, he asserts that he "had no clue what [was] the objective of the conspiracy" with which he was charged, (Doc. # 1211, p. 21), and he argues that "[h]ad counsel explained to him that he was pleading to a cocaine base only conspiracy, there is a reasonable probability that [he] would have exercised his fundamental right to try the case before a jury" (Doc. # 1211, p. 20). These claims are contradicted by the record.

3

Before pleading guilty, Defendant filed a signed statement in which he acknowledged that his attorney had explained to him the elements of his offenses: "The nature of the charge(s) against me has/have been explained to me by my attorney. I have had an opportunity to discuss with my attorney both the nature of the charge(s) and the elements which the government is required to prove." (Doc. # 745, ¶ 1). Defendant also confirmed that he had no additional questions about the charges: "I have had sufficient opportunity to discuss this case and my intended plea(s) of guilt with my attorney. I do not wish to consult with my attorney any further before I enter my plea(s) of guilty." (Doc. # 745, ¶ 23). Additionally, Defendant stated that he was satisfied with the representation he had received from his attorney: "I am satisfied with my attorney. I believe I have been represented effectively and competently in this case." (Doc. # 745, ¶ 24).

The above statements, standing alone, seriously undermine Defendant's claim of ineffective assistance. However, after signing the above statement, Defendant went on to make a number of additional statements that further undermine his argument. For example, at his change-of-plea hearing, Defendant again acknowledged that he understood the charges against him:

> THE COURT: All right. So, Mr. Antoine, have you read and do you understand the new charges against you in the Information?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: All right. So you understand that you are charged in Count 1 with violation of 21 United States Code Section 841(a)(1), (b)(1)(A)(iii), (b)(1)(B)(II)(ii), and Section 846. All of those are numbers that are meant to indicate that you are charged with conspiracy to distribute and to possess with intent to distribute 280 grams or more of cocaine base

4

and 500 grams or more of cocaine. In Count 2, you are
charged with violation of 18 United States Code Section
924(c)(1)(A)(i), which is possession of a firearm in
furtherance of a drug trafficking crime. Do you understand
both of those charges?

THE DEFENDANT: Yes, Your Honor.

(Doc. # 1217, p. 4).

Defendant also reaffirmed that he had discussed those charges with his attorney, and

that counsel had answered all his questions about those charges:

[THE COURT:] Mr. Antoine, have you discussed the charges
in the Information with, Ms. Polansky?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And has she answered all of your questions
about those charges to your satisfaction?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand what you are charged
with?

THE DEFENDANT: Yes, Your Honor.

(Doc. # 1217, p. 10).

When the Court gave Defendant yet another opportunity to raise any concerns with his

attorney's performance, Defendant raised no concerns, and he stated that he was

satisfied with his attorney's performance:

THE COURT: Mr. Antoine, are you satisfied with the
representation that Ms. Polansky has provided to you?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Have you told her everything you know about
your case?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you believe she has fully considered any defenses you might have to the charges?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you believe she has fully advised you concerning your case?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Have you had enough time to discuss your case with Ms. Polansky?

THE DEFENDANT: Yes, Your Honor.

(Doc. # 1217, pp. 26-27).

Although Defendant now claims that he did not understand the conspiracy charge, he said the exact opposite at his change-of-plea hearing:

THE COURT: All right. So you understand that you are charged in Count 1 with violation of 21 United States Code Section 841(a)(1), (b)(1)(A)(iii), (b)(1)(B)(II)(ii), and Section 846. All of those are numbers that are meant to indicate that you are charged with conspiracy to distribute and to possess with intent to distribute 280 grams or more of cocaine base and 500 grams or more of cocaine. In Count 2, you are charged with violation of 18 United States Code Section 924(c)(1)(A)(i), which is possession of a firearm in furtherance of a drug trafficking crime. Do you understand both of those charges?

THE DEFENDANT: Yes, Your Honor.

(Doc. # 1217, p. 4, ll. 5-18).

The Court also had the prosecutor explain the elements of conspiracy to Defendant at the hearing:

[THE COURT:] Ms. Knox, would you please inform Mr. Antoine of the charges to which he will be pleading guilty, and state the elements of each charge.

6

> MS. KNOX: Yes, Your Honor. Mr. Antoine, the Indictment charges conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base and 500 grams or more of powder cocaine. The elements of that offense are that on or between February 1, 2016, and March 29, 2017, in the State and District of Colorado, and elsewhere, that two or more persons agreed to violate the federal drug laws; that you knew the essential objectives of the conspiracy; that you knowingly and voluntarily involved yourself in the conspiracy; that there was interdependence among the members of the conspiracy, that is the members in some way or manner intended to act together for their shared mutual benefit within the scope of the conspiracy charged; and that the overall scope of the conspiracy involved one or more of the following controlled substance: That is 280 grams or more of mixture and substance containing a detectable amount of cocaine base, which is also known as crack cocaine, and 500 grams or more of a mixture and substance containing a detectable amount of cocaine. Both cocaine base and cocaine are Schedule II controlled substances.

> (Doc. # 1217, p. 18, l. 17 – p. 19, l. 16).

The Court then explained to Defendant that the prosecution would have to prove each of those elements beyond a reasonable doubt at trial:

> THE COURT: So, Mr. Antoine, do you understand that if this matter went to trial, Ms. Knox would have to prove each of those elements against you beyond a reasonable doubt?

> THE DEFENDANT: Yes, Your Honor.

> (Doc. # 1217, p. 19, l. 22 – p. 20, l. 1).

Thus, the Court, the prosecutor, and defense counsel all explained the elements of conspiracy to Defendant on the record. Defendant had the opportunity to ask questions about those elements, and Defendant repeatedly acknowledged, in writing and in open court, that he understood those elements. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52

L.Ed.2d 136 (1977). Although the court can sometimes reexamine a defendant's in-court statements, it is the defendant's burden to present "a valid reason justifying a departure from the apparent truth" of the prior statements. *Hedman v. United States*, 527 F.2d 20, 22 (10th Cir.1975). Defendant has failed to provide such a reason. Therefore, Defendant has failed to show that his attorney did not adequately advise him as to the elements of his offenses. Moreover, even assuming *arguendo* that his attorney had not adequately advised him as to the element his offense, given the Court's detailed Change of Plea colloquy with respect to those elements, the Defendant has failed to establish that he was prejudiced by such failure.

    2.  <u>Failure to Advise of Possible Penalties</u>

    Defendant next contends that his attorney "failed to explain the penalties associated with the guilty plea." (Doc. # 1211, p. 4). This argument, too, is contradicted by the record.

    Before pleading guilty, Defendant signed a statement acknowledging that he understood the penalties he faced:

> I know that the following penalties may be imposed as a result of my guilty pleas . . . [for] Count One . . . Imprisonment for a term of not less than 10 years of imprisonment; not more than life imprisonment . . . [for] Count Two . . . Imprisonment for a term of not less than 5 years of imprisonment; consecutive to any other sentence; not more than life[.]

(Doc. # 745, ¶ 3).

Defendant also acknowledged that he discussed these possible penalties with his attorney, stated that he was satisfied that he had been represented effectively, and

affirmed that he "[did] not wish to consult with [his] attorney any further" before entering his guilty plea. (Doc. 745. ¶¶ 23-25).

Additionally, Defendant signed a second document – his plea agreement – in which he again acknowledged the possible penalties for his offenses. (Doc. # 744). The plea agreement provided a thorough explanation of the possible penalties, including the statutory sentencing range and the application of the federal sentencing guidelines. (Doc. # 744, ¶¶ 24-25).

Then, at Defendant's change-of-plea hearing, the Court had the prosecutor explain the possible penalties to Defendant, and Defendant stated that he understood the consequences of his guilty plea:

> THE COURT: All right. Ms. Knox, would you also state maximum and mandatory penalties for the charges, includes special assessment and supervised release?
>
> MS. KNOX: Yes, Your Honor. The maximum statutory penalty of Count 1 of the Information is not less than 10 years in prison; not more than life in prison; not more than a $10 million fine, or both the fine and imprisonment; not less than 5 years of supervised release and not more than a lifetime of supervised release; and a $100 special assessment fee. The maximum statutory penalties for Count 2 of the Information is not less than 5 years imprisonment, which must be served consecutive to any other sentence; not more than life; not more than a $250,000 fine, or both the fine and imprisonment; not more than 5 years of supervised release; and a $100 special assessment fee.
>
> THE COURT: So, Mr. Antoine, do you understand the consequences to you of entering these pleas of guilty, including the maximum sentence I could impose?
>
> THE DEFENDANT: Yes, Your Honor.
>
> (Doc. # 1217, p. 20, ll. 2-21).

The Court then confirmed with Defendant and with Counsel that Defendant understood

how the Federal Sentencing Guidelines worked:

> THE COURT: Ms. Polansky, have you reviewed with and
> explained to Mr. Antoine the sentencing computation
> provisions that are contained in the plea agreement?
>
> MS. POLANSKY: I have, Your Honor.
>
> THE COURT: And have you told him anything different than
> what is set forth in that section of the plea agreement?
>
> MS. POLANSKY: No, Your Honor.
>
> THE COURT: What is the estimated range you believe will
> apply under the advisory sentencing guidelines?
>
> MS. POLANSKY: It is 262 months to 327 months, plus the
> 120 months for the firearm.
>
> [. . .]
>
> [THE COURT:] Now, do you understand these factors and
> elements I will be considering?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And has Ms. Polansky explained to you that
> the Federal Sentencing Guidelines are merely advisory
> to me?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And do you understand that that means, then,
> that the sentence that I impose is entirely 100 percent up to
> me, as the Judge?
>
> THE DEFENDANT: Yes, Your Honor.
>
> (Doc. # 1217, p. 20, l. 22 – p. 21, l. 8; p. 22, ll. 4 – 14).

In light of the above advisements, the Court concludes that Defendant received ample

explanation of the penalties that could result from his guilty plea. Therefore, even if

Defendant could show that counsel's advice was deficient with respect to his possible sentence, Defendant has failed to establish that he was prejudiced by the allegedly deficient advice.

   3.  Failure to Appeal

Defendant next alleges that his attorney was ineffective because she failed to file an appeal. This argument fails, however, because Defendant waived the right to appeal his conviction except if his sentence (1) exceeded the statutory maximum; or (2) exceeded the guideline range. (Doc. # 744, ¶ 5). Defendant does not challenge the validity of his appeal waiver, and the waiver appears to be valid and enforceable. *See United States v. Hahn*, 359 F.3d 1315, 1329 (10th Cir. 2004) ("defendant has the burden to present evidence from the record establishing that he did not understand the waiver.").

In his Motion Defendant simply alleges that his attorney "took a dive on appeal." (Doc. # 1211, p. 8). However, Defendant's sentence did not exceed either the statutory or guideline maximum. Both Defendant and his attorney acknowledged that, by pleading guilty, he would be subject to a sentence of up to 327 months in prison for his conspiracy charge and up to 120 months for his firearm charge, plus a period of supervision following his release from prison, (Doc. # 1217, p. 20, ll. 2-21 (Defendant acknowledging statutory maximum of life in prison on both charges), p. 21, l. 5 – p. 23, l. 16 (Defendant and defense counsel acknowledging guideline range)). Defendant was sentenced to a total of 300 months in prison – well below the statutory maximum and the top end of the guideline range. Therefore, Defendant's appeal waiver is valid and his

argument that his attorney was ineffective because she failed to file an appeal on his behalf is without merit.

4.  <u>Other Claims of Ineffectiveness</u>

In addition to the claims of ineffective assistance of counsel outlined above, Defendant argues that his attorney (1) used "threats and coercion" to persuade him to plead guilty, (Doc. # 1211, p. 16), (2) failed to "learn the facts and familiarize herself with the law," (Doc. # 1211, p. 15), and (3) "failed to object to arbitrary findings as to the object of the conspiracy." (Doc.. # 1211, p. 17). Each of these arguments fails.

a.  *Threats and Coercion*

Defendant claims that his attorney used "threats and coercion" to persuade him to plead guilty. (Doc. # 1211, p. 16). This argument is contradicted by the record.

At his change-of-plea hearing, Defendant told the Court that he was pleading guilty not because he was being threatened, but because he was, in fact, guilty:

> THE COURT: Are you pleading guilty because you are guilty?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: All right. I need you to tell me, with respect to the two counts that you are pleading guilty to, what it is you did.
>
> THE DEFENDANT: I was in possession of a firearm and had drugs on me. And the other one, I sold drugs to some confidential informants.
>
> (Doc. # 1217, p. 13, ll. 13-25).

When the Court asked Defendant whether his attorney or anyone else had threatened or coerced him, Defendant denied being threatened or coerced:

> THE COURT: Has anyone, including Ms. Polansky, made any promises, representations, or guarantees of any kind to you about the sentence this Court would impose in order to persuade you to plead guilty?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: Has anyone forced to you plead guilty?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: Has anyone attempted in any way to threaten you, your family, or anyone close to you in order to force you to plead guilty?
>
> THE DEFENDANT: No, Your Honor.
>
> (Doc. # 1217, p. 5).

Defendant has not provided any valid reason why the Court should disregard his in-court statements in favor of the arguments raised in this Motion. Therefore, Defendant has failed to establish that his attorney used threats and coercion to persuade him to plead guilty.

b. *Failure to Investigate*

Defendant's claim that his attorney failed to "learn the facts and familiarize herself with the law" is conclusory and without merit. Defendant's own in-court statements undermine this argument. At Defendant's change-of-plea hearing, the Court asked Defendant whether his attorney had considered all relevant facts and defenses, and Defendant stated that she had:

> THE COURT: Mr. Antoine, are you satisfied with the representation that Ms. Polansky has provided to you?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Have you told her everything you know about your case?

>THE DEFENDANT: Yes, Your Honor.
>
>THE COURT: Do you believe she has fully considered any defenses you might have to the charges?
>
>THE DEFENDANT: Yes, Your Honor.
>
>THE COURT: Do you believe she has fully advised you concerning your case?
>
>THE DEFENDANT: Yes, Your Honor.
>
>(Doc. # 1217, p. 7, l. 21 – p. 27, l. 7).

Again, Defendant has filed to provide any valid basis why the Court should ignore these statements in favor of his after-the-fact claims to the contrary.

### c.   *Failure to Object to Sentence*

Finally, Defendant argues that his attorney should have objected to his sentence on the ground that it violated the Supreme Court's holdings in *Alleyne v. United States*, 570 U.S. 99 (2013) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (Doc. # 1211, pp. 17-18). Specifically, Defendant argues that, because his conviction involved crack cocaine, his attorney should have objected to the Court "determining [his] sentence based on cocaine base, rather than cocaine[.]" (Doc. # 1211, p. 17). This argument is incorrect.

*Alleyne* and *Apprendi* provide that any fact that increases the statutory minimum (*Alleyne*) or statutory maximum (*Apprendi*) sentence is considered an element of the offense must be proven beyond a reasonable doubt at trial. *See Alleyne*, 570 U.S. at 102. But when a defendant pleads guilty and admits the elements of the offense, the Government is relieved of is obligation to prove those elements. *See, e.g. United States v. Roe*, 913 F. 3d 1285, 1295 (10th Cir. 2019) (by pleading guilty, the defendant relieves

14

the government of its burden to prove the elements of the crime to which defendant pleads guilty). That is exactly what happened in this case: Defendant pled guilty to possessing both cocaine and cocaine base. In doing so, Defendant admitted the factual basis for his sentence. (Doc. # 744, ¶¶ 19-22). Therefore, defense counsel was not ineffective in failing to object to the calculation of the advisory guideline sentence.

## B.  DUE PROCESS

Defendant next contends that his conviction and sentence violate due process. Specifically, he argues that (1) his conspiracy charge was "duplicitous" because it alleged a conspiracy to distribute both cocaine and cocaine base; and (2) the Court failed to find whether [Defendant] participated in a cocaine base only conspiracy." (Doc. # 1211, pp. 19-20). These arguments fail.

First, Defendant waived his right to challenge his conviction. (Doc. # 744, ¶ 5). Therefore, he is barred from raising these arguments.

Even if these arguments were not waived, however, Defendant's arguments nevertheless fail because the conspiracy charge is not "duplicitous." A duplicitous indictment is one that charges the defendant "with two or more separate offenses in the same count." *U.S. v. Trammell*, 133 F. 3d 1343, 1354 (10th Cir. 1998). A charge of conspiracy, by contrast, "is an allegation that an agreement occurred to commit one or more crimes." *United States v. Kell*, 41 F. App'x 350, 353-53 (10th Cir. 2002). A charge is not duplicitous merely because it alleges a multi-objective conspiracy: "It is the agreement which constitutes the conspiracy, not the individual drug crimes that are the objects of the conspiracy." *Id*. Where a defendant is charged with a single conspiracy to

commit multiple crimes, that conspiracy charge is not duplicitous. *Id*. Therefore,

Defendant is not entitled to relief on these grounds.

## C. MOTION TO SUPPLEMENT

Defendant has also filed a Motion to Supplement his Motion to Vacate. (Doc. #

1237). In the Motion to Supplement, he argues that (1) he recently "discovered" that he

is not guilty of possessing a firearm in furtherance of a drug trafficking offense; and (2)

the Court misapplied the sentencing guidelines. (Doc. # 1237, p. 1). He contends that

he should be allowed to add these arguments to his Motion to Vacate. Defendant's

Motion to Supplement must be denied because he waived the arguments set forth in his

Motion.

In his plea agreement, Defendant "knowingly and voluntarily waive[d] the right to

challenge [his] prosecution, conviction, or sentence in any collateral attack (including,

but not limited to, a motion brought under 28 U.S.C. § 2255)." (Doc. # 745, ¶ 6). The

waiver carved out three exceptions: Defendant is permitted to challenge his sentenced

based on (1) a retroactive change in the sentencing guidelines or sentencing statute; (2)

ineffective assistance of counsel; or (3) prosecutorial misconduct. (Doc. # 744, ¶ 6).

Defendant's Motion to Supplement does not raise any of these three grounds.

Therefore, he has waived the right to bring those arguments.

## D. CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the

United States District Courts, a "district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. §

2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has

16

made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court will not issue a certificate of appealability in this case because Defendant has not made a substantial showing of the denial of a constitutional right.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. # 1211) is DENIED. Defendant's Motion to Supplement (Doc. # 1236) is also DENIED. It is

FURTHER ORDERED that no certificate of appealability will issue because Defendant has not made a substantial showing of the denial of a constitutional right.

DATED:  November 10, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge