## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Christine M. Arguello

Civil Action No. 19-cv-00184-CMA
Criminal Action No. 17-cr-00134-CMA-1

UNTIED STATES OF AMERICA,

    Plaintiff/ Respondent,

v.

CLARENCE ANTOINE,

    Defendant/ Movant.

___

## ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT
___

This matter is before the Court on Defendant Clarence Antoine's Motion to Alter or Amend Judgment Pursuant to F.R.C.P. 59 (Doc. # 1301). The Motion is denied for the following reasons.

Defendant was convicted of cocaine and weapons charges. (Docs. ## 741, 744). He then moved to vacate his sentence under 28 U.S.C. § 2255, arguing that he had received ineffective assistance of counsel and that his sentence violated due process. (Doc. # 1211). This Court denied the motion in a written order. (Doc. #1299). Defendant now asks the Court to reconsider that order.

A Court may grant a Rule 59 motion when (1) there has been a change in the law since the prior judgment was issued; (2) the movant presents new evidence that was previously unavailable; or (3) there is a need to correct a clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F. 3d 1005, 1012 (10th Cir. 2000). None of those circumstances are present here.

1

Defendant cites no change in the law, no new evidence, and no clear error; he merely reargues his prior § 2255 Motion. The Court has already considered and denied Defendant's request for § 2255 relief. Defendant may not now use a Rule 59(e) motion "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012.

Further, to the extent Defendant raises new arguments for § 2255 relief, the Court lacks jurisdiction to hear those arguments. A Rule 59 motion that raises new substantive arguments in support of a § 2255 motion "is itself a second § 2255 motion." *U.S. v. Pedraza*, 466 F.3d 932, 934 (10th Cir. 2006). "Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion." *In re Cline*, 531 F. 3d 1249, 1250 (10th Cir. 2008) (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)). A district court does not have jurisdiction to address the merits of a second § 2255 motion until the appropriate court of appeals has granted the required authorization. *Id.* at 1251.

Defendant has not obtained the necessary authorization from the Tenth Circuit to file a second § 2255 motion. Therefore, the Court must either dismiss the § 2255 motion for lack of jurisdiction or, if it is "in the interest of justice," transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252.

To determine whether transfer to the Tenth Circuit would be "in the interest of justice," the Court must consider a number of factors, including "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *Id.* at 1251. The

Court has considered each of these factors and concludes that they favor dismissal rather than transfer.

The second factor, in particular – likelihood that the claims have merit – favors dismissal. Under Section 2255(h), a federal prisoner seeking to file a second § 2255 motion must demonstrate that the motion is based on (1) newly discovered evidence, § 2255(h)(1); or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2255(h)(2). Defendant has not made either showing. Thus, the claims in Defendant's Motion are not "likely to have merit," and transfer would not be "in the interest of justice." *See In re Cline*, 531 F.3d at 1252. Therefore, to the extent Defendant's Motion can be construed as a second § 2255 motion, the Court will dismiss the motion for lack of jurisdiction.

Finally, under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *U.S. v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court denies a certificate of appealability because Defendant has not made a substantial showing of the denial of a constitutional right.

For the foregoing reasons, Defendant's Motion to Alter or Amend the Judgment (Doc. # 1301) is DENIED. It is

4

FURTHER ORDERED that to the extent Defendant's Motion could be construed as a second § 2255 motion, the motion is DISMISSED for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because Defendant has not made a substantial showing of the denial of a constitutional right.

DATED:  December 30, 2020

                                              BY THE COURT:

                                              CHRISTINE M. ARGUELLO
                                              United States District Judge